JS 6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. 8:21-CV-01531-DOC-KES                     Date: November 18, 2021

Title: WILLIAM MICHAEL SEPTIEN JR. V. FCA US LLC ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [10]**

Before the Court is a Motion to Remand (Dkt. 10) ("Motion" or "Mot.") brought by Plaintiff William Michael Septien Jr. ("Plaintiff"). The Court finds the matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; C.D. Cal. R. 715. The Court now **GRANTS** Plaintiff's Motion.

**I.  Background**

    **A.  Facts**

The following facts are drawn from Plaintiff Laura Vazquez Garcia's ("Plaintiff") Complaint ("Compl.") (Dkt. 1-2). Plaintiff alleges that Defendant FCA US, LLC ("FCA," or "Defendant") violated California's Lemon Law and the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 et seq) by, among other things, selling a defective vehicle to Plaintiff, failing to repair the Subject Vehicle within a reasonable number of attempts, and refusing to provide restitution even though FCA knew that the Vehicle was defective. *See generally* Compl.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-CV-01531-DOC-KES                                     Date: November 18, 2021

Page 2

### B. Procedural History

Plaintiff originally filed suit in Orange County Superior Court on February 18, 2021. Exhibit B, Notice of Removal (Dkt. 1-2). On September 17, 2021, Defendant FCA US LLC ("Defendant") removed the case to this Court. Notice of Removal (Dkt. 1). Plaintiff filed the instant Motion on October 18, 2021. Defendants opposed (Opp'n) (Dkt. 14) on November 17, 2021.

## II. Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted).

Federal diversity jurisdiction requires that the parties be citizens of different states and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332(a). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The presence of any single plaintiff from the same state as any single defendant destroys "complete diversity" and strips the federal courts of original jurisdiction over the matter. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).

Generally, a removing defendant must prove by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional threshold. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2008). If the complaint affirmatively alleges an amount in controversy greater than $75,000, the jurisdictional requirement is "presumptively satisfied." *Id.* A plaintiff who then tries to defeat removal must prove to a "legal certainty" that a recovery of more than $75,000 is impossible. *St. Paul Mercury*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:21-CV-01531-DOC-KES                                                                 Date: November 18, 2021

Page 3

*Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *Crum v. Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). This framework applies equally to situations where the complaint leaves the amount in controversy unclear or ambiguous. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403-04 (9th Cir. 1996).

A removing defendant "may not meet [its] burden by simply reciting some 'magical incantation' to the effect that 'the matter in controversy exceeds the sum of [$75,000],' but instead, must set forth in the removal petition the underlying facts supporting its assertion that the amount in controversy exceeds [$75,000]." *Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (quoting *Gaus*, 980 F.2d at 567). If the plaintiff has not clearly or unambiguously alleged $75,000 in its complaint or has affirmatively alleged an amount *less* than $75,000 in its complaint, the burden lies with the defendant to show by a preponderance of the evidence that the jurisdictional minimum is satisfied. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010); *Guglielmino*, 506 F.3d at 699.

While the defendant must "set forth the *underlying facts* supporting its assertion that the amount in controversy exceeds the statutory minimum," the standard is not so taxing so as to require the defendant to "research, state, and *prove* the plaintiff's claims for damages." *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1148 (C.D. Cal. 2010) (emphases added). In short, the defendant must show that it is "more likely than not" that the amount in controversy exceeds the statutory minimum. *Id*. Summary judgment-type evidence may be used to substantiate this showing. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). For example, defendants may make mathematical calculations using reasonable averages of hourly, monthly, and annual incomes of comparable employees when assessing the amount in controversy in a wrongful termination suit. *Coleman*, 730 F. Supp. 2d. at 1148–49.

If the court lacks subject matter jurisdiction, any action it takes is ultra vires and void. *See Gonzalez v. Crosby*, 545 U.S. 524, 534 (2005); *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94, 101–02 (1998). The lack of subject matter jurisdiction may be raised at any time by either the parties or the court. Fed. R. Civ. P. 12(h)(3). If subject matter jurisdiction is found to be lacking, the court must dismiss the action, *id.*, or remand pursuant to 28 U.S.C. § 1447(c). A Court may raise the question of subject matter jurisdiction *sua sponte*. *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:21-CV-01531-DOC-KES          Date: November 18, 2021

Page 4

### III.   Discussion

Defendant argues that this Court has diversity jurisdiction in this action. *See generally* Notice of Removal. The Court disagrees.

Defendant argues that Plaintiff's actual damages—coupled with the incidental and consequential damages, civil penalties, and attorneys' fees—Plaintiffs seek, is greater than $75,000. Opp'n at 4. Defendant argues this because Plaintiff has claimed actual "damages…not less than $25,001.00." Compl. at ¶ 13. Defendant then asserts that because Plaintiff's prayer for relief specifically includes "a civil penalty in the amount of two times Plaintiff's actual damages pursuant to Civil Code section 1974, subdivision (c) or (e)," the amount in controversy exceeds $75,000. *Id.* at 9.

This Court does not find it appropriate to include speculative civil penalties or attorneys' fees in the amount in controversy. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("We hold that where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees *may* be included in the amount in controversy.") (emphasis added). Thus, the only showing the Defendant has made is that the Plaintiff's actual damages are not less than $25,001.00. This does not sufficiently demonstrate that damages are *more than* $75,000. Accordingly, the Court finds that Defendant has not shown by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that it lacks diversity jurisdiction over this matter.

### IV.   Disposition

For the reasons set forth above, the Court hereby **REMANDS** this case to the Orange County Superior Court and vacates the hearing scheduled for November 22, 2021.

The Clerk shall serve this minute order on the parties.

Initials of the clerk: kdu